IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1920.

---

ELIZA C. DANDO, ADMINISTRATRIX, PLAINTIFF, v. DI-
RECTOR GENERAL OF RAILROADS, DEFENDANT.

Argued February 17, 1920—Decided June 8, 1920.

It cannot be said as a legal proposition that the exercise of the right
by a railroad company to lay as many tracks on its right of way
as the exigencies of its business requires, or to make connections
with branch lines, imposes upon it any obligation for the pro-
tection of travelers along the highway other than the giving of
the warning provided by the legislature.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the rule, *George S. Hobart* and *Edward A. Markley.*

Contra, *Jacob Willard De Yoe* and *Edgar A. De Yoe.*

Dando v. Director General.  •        94 N. J. L.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The defendant by this rule seeks to have set aside a verdict rendered in favor of the plaintiff in an action brought by her to recover the pecuniary loss sustained by the next of kin of her decedent, his death having resulted through a collision between a milk wagon and team of horses which he was driving, and a train being operated by the defendant over the Erie Railroad Company's tracks near Ridgewood, in Bergen county.    The grounds of negligence averred in the complaint were that the defendant failed to give the statutory signal of the approach of the train, and that he failed to take extra precautions for the protection of travelers along the highway, notwithstanding that it was his duty to do so by reason of the fact "that buildings, telegraph poles and trees and other obstructions along the right of way of the railroad, on the easterly side thereof, the side from which the plaintiff's intestate approached said crossing, obstructed his view and prevented him from seeing the train which killed him approach said crossings."

The principal ground upon which defendant seeks to be relieved from this verdict is, that the trial court improperly left it to the jury to determine whether this crossing was extraordinarily dangerous, and was rendered so by the defendant, or the company which he represented, and permitted them, if they so found, to award damages against him because of his failure to take extraordinary precautions (that is, precautions other than the ringing of a bell, or blowing of a whistle, as provided by the statute) for the protection of travelers along the highway.    Our examination of the testimony sent up with the rule satisfies us that the defendant is right in his contention.    Very little effort was made to prove the existence of any serious obstruction to the view of travers along the highway by reason of the presence of buildings, trees and poles.    Nor is it contended before us on behalf of the plaintiff that the question should have been left to the  •

jury upon the ground set forth in the complaint. He now seeks to support the instruction upon the theory that the crossing was extraordinarily hazardous by reason of the fact that the railroad company had at that point constructed on its right of way four main-line tracks and a siding, and, further, that the line of the Bergen County Short-cut railroad ran into and connected with the main line tracks at this point, making two crossovers necessary. But we think that a highway crossing over a railroad is not rendered extraordinarily hazardous by the mere multiplication of tracks upon the right of way. The legislature in its wisdom has authorized railroad corporations of this state to acquire rights of way one hundred feet in width, and to lay thereon so many tracks as the exigencies of their respective businesses may reasonably require. It has also authorized them to connect their main line tracks and branch lines whenever such connections are required for the service of the public. It cannot be said as a legal proposition that the exercise of this right by a railroad company imposes upon it any obligation for the protection of travelers along the highway, other than the giving of the warning provided by the legislature; in other words, the blowing of a whistle, or ringing of a bell, in the manner required by the statute. A moment's reflection will show that this is so. How can it be said, as a matter of law, that if a railroad company lays five tracks on its right of way it has created a condition of extraordinary danger, but if the road contains only four tracks, or three tracks, or two tracks, the contrary is the fact? Nor, as it seems to us, can such a question be left to the jury without any factors upon which to rest a finding. To do this, as was said by Chief Justice Beasley, in the case of *Pennsylvania Railroad Co. v. Matthews,* 36 *N. J. L.* 531, would be to leave the whole matter to them without anything to control or guide their judgment. Such a course of proceeding would not be justified by the rule which imposes upon a railroad company the duty of taking extraordinary precautions where it has created unusual dangers at a railroad crossing.

The conclusion which we have reached upon this phase of the case makes it unnecessary to consider the other grounds for setting aside the verdict which have been discussed by counsel.

The rule to show cause will be made absolute.